UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KINETIC TECHNOLOGIES, INC., and KINETIC TECHNOLOGIES HK LIMITED, <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## I. COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Skyworks Solutions, Inc. ("Skyworks") for its Complaint against Defendants Kinetic Technologies, Inc. and Kinetic Technologies HK Limited (collectively, "Kinetic"), hereby alleges as follows:

## II. PARTIES

1. Plaintiff Skyworks Solutions, Inc. is a Delaware corporation with a principal place of business located at 20 Sylvan Road, Woburn, Massachusetts 01801.

2. Upon information and belief, Defendant Kinetic Technologies, Inc. is a California corporation with a principal place of business located at 1185 Bordeaux Drive, Suite D, Sunnyvale, California 94089.

3. Upon information and belief, Kinetic Technologies HK Limited is a Hong Kong company with its principal place of business at 12/F, Ruttonjee House, 11 Duddell Street, Central, Hong Kong.

### III. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Kinetic is subject to the personal jurisdiction of this Court for the claims asserted herein.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b). Upon information and belief, Kinetic has committed acts of infringement in this Judicial District.

### IV. FACTS

7. On April 5, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,921,320, entitled "Single Wire Serial Interface" ("the '320 Patent"). A true and correct copy of the '320 Patent is attached hereto as Exhibit 1.

8. The '320 Patent was initially assigned from the employee inventors thereof to Advanced Analogic Technologies, Inc. ("AATI").

9. In 2012, Skyworks acquired AATI. Skyworks is the owner by assignment of all right, title, and interest in the '320 Patent.

10. Upon information and belief, Kin Shum ("Shum") is an officer, director, employee, and/or founder of Kinetic.

11. Before founding Kinetic, Shum was an employee and director of AATI. Shum was employed by AATI from 2003 until 2006. His last position at AATI was Director of Strategic Marketing. During the term of his employment with AATI, his responsibilities included project management for new products in the power management market, including LED

driver products, defining new products, setting up new product approval processes, implementing product concepts, and implementing project schedules.

12. During his employment at AATI, Shum was named as an inventor on a patent application titled "USB Battery Charger" filed by AATI, subsequently published as U.S. Patent Application Publication No. 2006/0033474.

13. Upon information and belief, Jan Nilsson ("Nilsson") is an officer, director, employee, and/or founder of Kinetic.

14. Before founding Kinetic, Nilsson was an employee and vice president of AATI. Nilsson was employed by AATI from 2001 until 2006. His last position at AATI was Vice President of Marketing and Business Development.

15. During his employment at AATI, Nilsson was named as an inventor of the '320 Patent.

16. Upon information and belief, Kinetic, Shum, and Nilsson were aware that AATI filed patent applications covering its products.

17. Upon information and belief, Kinetic, Shum, and Nilsson were aware that AATI developed, made, and sold LED driver products.

18. Upon information and belief, Kinetic, Shum, and Nilsson knew or should have known of the '320 Patent.

### V. FIRST CLAIM FOR RELIEF: INFRINGEMENT OF U.S. PATENT NO. 7,921,320

19. Skyworks re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 18 above as though fully set forth herein.

20. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, have made, used, offered to sell, sold, and/or imported into the United States and this District,

and placed into the stream of commerce, LED driver products, including at least KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, that infringe at least one claim of the '320 Patent in violation of 35 U.S.C. § 271.

21. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '320 Patent, contributed to the infringement of the '320 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this District, and placing into the stream of commerce, LED driver products, including at least KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '320 Patent.

22. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '320 Patent, have intentionally induced infringement of the '320 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this District, and placing into the stream of commerce, LED driver products, including at least KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '320 Patent.

23. Upon information and belief, as of its founding, Kinetic was aware of the existence of the application that led to the '320 Patent.

24. Upon information and belief, Kinetic's infringement of the '320 Patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '320 Patent and thus acting in reckless disregard of Skyworks' patent rights.

25. As a consequence of Kinetic's infringement of the '320 Patent, Skyworks has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

26. Upon information and belief, unless enjoined Kinetic and/or others acting on behalf of Kinetic, will continue their infringing acts, thereby causing irreparable harm to Skyworks for which there is no adequate remedy at law.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Skyworks prays for entry of judgment that:

a. Kinetic is liable for infringement, contributory infringement, and inducing infringement of the '320 Patent under 35 U.S.C. § 271;

b. Kinetic, and each of its affiliates, subsidiaries, officers, agents, servants, employees, representatives, successors and assigns, and all other persons in active concert or participation with Kinetic, shall be preliminarily and permanently enjoined from further infringing, contributing to others' infringement, and inducing others to infringe the '320 Patent under 35 U.S.C. § 283;

c. Kinetic shall pay damages to Skyworks resulting from Kinetic's infringement of the '320 Patent pursuant to 35 U.S.C. § 284;

d. Kinetic's continuing infringement of the '320 Patent was and is willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

e. This action be determined to be an exceptional case and Skyworks be awarded their attorneys' fees, costs, and expenses under 35 U.S.C. § 285;

f. Skyworks be entitled to pre-judgment and post-judgment interest and costs against Kinetic, in accordance with 35 U.S.C. § 284; and

g.  Skyworks be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SKYWORKS SOLUTIONS, INC.,

By its attorneys,

/s/ Gregory D. Cote
Gregory D. Cote, BBO # 645943
gcote@mccarter.com
265 Franklin Street
Boston, MA 02110
Telephone:   (617) 449-6508
Facsimile:   (617) 326-3098

*OF COUNSEL:*

KNOBBE, MARTENS, OLSON & BEAR, LLP
Michael K. Friedland (CA SBN 157217)
Michael.friedland@knobbe.com
Michelle E. Armond (CA SBN 227439)
michelle.armond@knobbe.com
Samantha Y Hsu (CA SBN 285853)
samantha.hsu@knobbe.com
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:   (949) 760-0404
Facsimile:   (949) 760-9502

March 20, 2013