UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10655-GAO

SKYWORKS SOLUTIONS, INC.,
Plaintiff,

v.

KINETIC TECHNOLOGIES, INC. and KINETIC TECHNOLOGIES HK LIMITED,
Defendants.

ORDER
December 30, 2013

O'TOOLE, D.J.

## I.      Background

This case arises out of a patent dispute involving light-emitting diode ("LED") driver technology. Skyworks alleges that the defendants have infringed its rights under U.S. Patent No. 7,921,320 ("the '320 patent"), entitled "Single Wire Interface," relating to technology for LED drivers used in consumer electronics such as cell phones.

Defendant Kinetic Technologies, Inc. ("Kinetic U.S."), a California corporation, has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The other named defendant, Kinetic Technologies HK Limited ("Kinetic HK"), a company based in Hong Kong, has not yet been served.

In support of its motion to dismiss, Kinetic U.S. submitted an affidavit from its CEO declaring that Kinetic U.S. is incorporated and headquartered in California, owns no property in Massachusetts, has no employees in Massachusetts, and has never done or solicited any business in Massachusetts. In affidavits submitted in response, Skyworks asserts that its counsel purchased six Samsung cell phones in Massachusetts, that each cell phone was sent to a lab for

analysis, and the lab concluded that each phone contained an allegedly infringing LED driver manufactured by Kinetic.[1]

## II.        Legal Standard

In order to establish personal jurisdiction where discovery has not been conducted, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009). "[T]he pleadings and affidavits are to be construed in the light most favorable to [the plaintiff]." Id.

Determining whether specific personal jurisdiction exists requires two inquiries: whether the forum state's long-arm statute authorizes extraterritorial service of process, and whether the assertion of personal jurisdiction over the absent defendant in the forum state would be consistent with constitutional requirements of due process. Id. at 1017. In a patent case, a court follows the interpretation of the long-arm statute by the forum state's highest court but looks to Federal Circuit precedent in analyzing compliance with federal due process. Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1409-10 (Fed. Cir. 2009). Skyworks has failed to establish jurisdiction under either the Massachusetts Long Arm Statute, Mass. Gen. Laws ch. 233A, § 3, or under constitutional considerations.

## III.        Long Arm Statute

The inquiries as to whether the Massachusetts Long Arm Statute and the due process clause are satisfied often converge, but they are both necessary. Even if a court is "presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to

---

[1] In its Complaint and briefing in opposition to the pending motion to dismiss, Skyworks uses the term "Kinetic" to refer to the defendants collectively.

decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites." Good Hope Indus., Inc. v. Ryder Scott Co., 389 N.E.2d 76, 80 (Mass. 1979).

The only part of the Massachusetts long arm statute that might be applicable to Kinetic U.S. is Section 3(a), which permits the exercise of personal jurisdiction over a person as to a cause of action arising from the person's "transacting any business in this commonwealth." Mass. Gen. Laws ch. 233A, § 3(a). "The transacting any business clause in § 3 has been construed broadly. Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement." Tatro v. Manor Care, Inc., 625 N.E.2d 549, 551-52 (Mass. 1994). Kinetic U.S. maintains that it has not conducted any business in the Commonwealth. Skyworks has not pointed to any specific business transaction that Kinetic U.S. has conducted in Massachusetts, let alone one out of which the asserted cause of action arises. Rather, Skyworks points to Kinetic U.S.'s website, which by virtue of being on the Internet is accessible to viewing by citizens of the Commonwealth. The website, while providing information about products, including the allegedly infringing LED driver, does not enable direct sales through the Internet. Instead, a prospective purchaser would have to contact one of the sales offices listed on the webpage. There was no evidence offered that the website has produced any direct sales within Massachusetts. Additionally, so-called "passive websites" – websites that provide information but do not allow the visitor to take action, such as the one maintained by Kinetic U.S. – have been deemed insufficient to confer personal jurisdiction under the long arm statute, particularly when they are not targeted at the residents of Massachusetts. See Berry v. Cook, 2011 WL 5841768, at *2-4 (Mass. Super. Ct. Sept. 8, 2011) (collecting cases); cf. Signazon Corp. v. Nickelson, 2013 WL

3168372, at *2 (D. Mass. June 20, 2013) (finding personal jurisdiction under the long arm statute and due process clause where defendant actively conducted business in Massachusetts over the Internet). Skyworks is unable to show that Kinetic U.S. has ever transacted business in the Commonwealth and is therefore unable to establish a basis for the assertion of personal jurisdiction under the Massachusetts Long Arm Statute.

## IV.   Due Process

Similarly, Skyworks has failed to demonstrate that the exercise of personal jurisdiction over Kinetic U.S. would comport with due process. The Federal Circuit utilizes a three-part test to determine whether specific jurisdiction over an out-of-state defendant would comport with due process. "Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1998).

The key issue here is whether Skyworks can establish sufficient minimum contacts between Kinetic U.S. and Massachusetts. The contacts with the forum state required to establish personal jurisdiction must be purposeful. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-74 (1985). Purposeful contacts provide defendants with fair warning that a particular activity may subject them to litigation within the forum state. Id.

Skyworks asserts that personal jurisdiction is proper under a "stream of commerce" theory, relying heavily on Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed Cir. 1994). Skyworks' first difficulty is that there is no evidence that Kinetic U.S. is the entity that placed the LED drivers into the stream of commerce. As noted, Skyworks fudges the question by combining Kinetic U.S. and Kinetic HK into simply "Kinetic." So far as appears,

Kinetic U.S. is a marketing arm, but it is Kinetic HK that manufactures, distributes, and sells devices. At any rate, there is no evidence that Kinetic U.S. put anything into a stream of commerce.

Even if it were to be assumed that Kinetic U.S. was the entity that manufactured and sold the accused LED drivers to Samsung, personal jurisdiction would still not be proper. What is necessary to establish personal jurisdiction under a "stream of commerce" theory is not entirely clear, but Supreme Court opinions suggest that placing a product into the stream of commerce, "without more," does not constitute purposeful contact with any given forum state. Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal., Solano Cnty., 480 U.S. 102, 112 (1987) (O'Connor, J., plurality opinion); J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2792 (2011) (Breyer, J., concurring in the judgment).

Skyworks argues that the "more" in this case is the purposeful shipment of the accused LED drivers through an established distribution channel into Massachusetts. In Beverly Hills Fan Co. v. Royal Sovereign Corp., the Federal Circuit found that Virginia could maintain personal jurisdiction over two out-of-state defendants, a fan manufacturer and its distributer who were allegedly infringing the plaintiff's ceiling fan design patent, when the fans were regularly being sold by a chain of stores in the state with which the defendants maintained an ongoing relationship. 21 F.3d at 1564-66.

Unlike in Beverly Hills Fan, there is no established distribution chain for Kinetic products into Massachusetts. In Beverly Hills Fan, the defendants made and distributed products that were completed and ready for the consumer, and they created a distribution channel with the intent that the product would reach consumers in Virginia. Kinetic's LED driver is not a consumer product but rather a cell phone component. Kinetic's only intent is for its product to

reach cell phone manufactures who, the Court was informed at argument, are only located in Asia – in Samsung's case, in South Korea. Once the component is delivered to Samsung, Kinetic has no control over where the product ends up being sold or distributed. Absent is any intent on the part of Kinetic (either one) to bring the product to market in Massachusetts or anywhere else in the U.S., as was the case in <u>Beverly Hills Fan</u>. Without more, Skyworks' proposed stream of commerce theory falls short. There is no other viable justification for an assertion of personal jurisdiction over Kinetic U.S. that would by consistent with due process.

## V.     Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 16) to Dismiss is GRANTED. The complaint is DISMISSED as to Kinetic U.S.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge