UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10655-GAO

SKYWORKS SOLUTIONS, INC.,
Plaintiff,

v.

KINETIC TECHNOLOGIES HK LIMITED,
Defendant.

OPINION AND ORDER
February 4, 2015

O'TOOLE, D.J.

## I. Background

This case arises out of a patent dispute involving light-emitting diode ("LED") driver technology. Skyworks Solutions, Inc. alleges that the defendants have infringed its rights under U.S. Patent No. 7,921,320 ("the '320 patent"), entitled "Single Wire Interface," relating to technology for LED drivers used in consumer electronics such as cell phones.

Defendant Kinetic Technologies HK Limited ("Kinetic HK"), a company based in Hong Kong, has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The other defendant, Kinetic Technologies, Inc. ("Kinetic U.S."), a California corporation, was previously dismissed from the case (dkt. no. 45) for lack of personal jurisdiction.

In support of its motion to dismiss, Kinetic HK submitted an affidavit declaring that Kinetic HK is incorporated and headquartered in Hong Kong, owns no property in Massachusetts, has no employees in Massachusetts, and has never done or solicited any business in Massachusetts. In opposition, Skyworks asserts that Kinetic sells the allegedly infringing

component to Samsung in South Korea for use in cellular telephones, including phones Samsung sells in Massachusetts.

## II. Legal Standard

In order to establish personal jurisdiction where discovery has not been conducted, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009). "[T]he pleadings and affidavits are to be construed in the light most favorable to [the plaintiff]." Id.

Determining whether specific personal jurisdiction exists requires two inquiries: whether the forum state's long arm statute authorizes extraterritorial service of process, and whether the assertion of personal jurisdiction over the absent defendant in the forum state would be consistent with constitutional requirements of due process. Id. at 1017. In a patent case, a court follows the interpretation of the long arm statute by the forum state's highest court but looks to Federal Circuit precedent in analyzing compliance with constitutional due process. Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1409-10 (Fed. Cir. 2009). In this case, Skyworks has failed to establish personal jurisdiction over Kinetic HK under either the Massachusetts Long Arm Statute, Mass. Gen. Laws ch. 233A, § 3, or under constitutional considerations.

## III. Long Arm Statute

The inquiries under the Massachusetts Long Arm Statute and the due process clause often converge, but they are both necessary. Even if a court is "presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites." Good Hope Indus., Inc. v. Ryder Scott Co., 389 N.E.2d 76, 80 (Mass. 1979).

> Skyworks argues that jurisdiction is appropriate under § 3(d) of the long arm statute:
>
> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth[.]

Mass. Gen. Laws ch. 233A, § 3(d). An allegation of patent infringement may be considered a tortious injury. Systemation, Inc. v. Engel Indus., Inc., 992 F. Supp. 58, 60 (D. Mass. 1997); Hologic Inc. v. Lunar Corp., No. 95-cv-10008-REK, 1995 WL 661238, at *7 (D. Mass. Aug. 4, 1995) ("A patent infringement is not a tort in the conventional sense, but it is fairly considered a 'tortious injury' within the meaning of §§3(c) and 3(d)."). Skyworks has presented evidence that cell phones with the allegedly infringing component were sold in Massachusetts, but that alone is not enough to establish that Kinetic HK is responsible for infringement of Skyworks' U.S. patent. Skyworks offers no facts that Kinetic HK, whose contact with the microchips ends in South Korea, has itself made or sold the patented invention within the United States or has imported the invention into the United States. 35 U.S.C. § 271(a).

Skyworks asserts that Kinetic HK induces infringement by Samsung in the United States and Massachusetts in particular. However, that conclusory statement lacks factual support: Skyworks merely alleges that Kinetic HK competes with Skyworks, that Kinetic HK provides customers such as Samsung with data sheets containing information on how to use its allegedly infringing products, that Samsung integrates the chips into its phones, and that those phones are sold in the United States, including in Massachusetts. (See Opp. Mot. to Dismiss at 12 (dkt. no. 59) (citing affidavits).) This is insufficient to support a claim of inducement under 35 U.S.C. § 271(b), which "requires a showing that the alleged inducer knew of the patent, knowingly

3

induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009). Even accepting Skyworks' contention that Kinetic HK must have known about the patent, it has failed to allege anything in Kinetic HK's relationship with Samsung that would show knowing inducement and the requisite specific intent. To the contrary, Kinetic HK's affidavit asserts that "Kinetic HK and its subsidiaries do not control or direct where Samsung sells its products. Samsung does not inform Kinetic HK how its microchips are being used or where Samsung products containing Kinetic HK's microchips are [being] sold. . . . Kinetic HK's chip products are not designed to be used in any specific geographical market and are not designed for the United States market." (Liu Aff., Ex. 1 ¶¶ 26, 28 (dkt. no. 52-1).)

In any event, even if there was evidence that Kinetic HK itself caused tortious injury in Massachusetts, it does not appear that it regularly does or solicits business, engages in any persistent course of conduct in the Commonwealth, or derives substantial revenue from goods used or consumed in Massachusetts, as § 3(d) requires. Skyworks argues that the last condition is satisfied, relying on Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG., 522 N.E.2d 989 (Mass. App. Ct. 1988). In Heins, the Massachusetts Appeals Court found that the plaintiff satisfied the substantial revenue requirement of § 3(d) of the long arm statute in a breach of warranty case against a West German manufacturer of optical lens grinding machines. Id. at 993-94. In that case, the foreign defendant sold completed machines, not components, to a distributer knowing that the distributor would sell them in Massachusetts; the cost of the machines was substantial ($56,000 each); dozens of the defendant's completed machines were sold in Massachusetts; and the defendant's employees visited Massachusetts to service the machines and to promote their sale to other potential customers. Id.

Nothing close to those facts is present here. Kinetic HK's part is sold to Samsung for $0.16 apiece. The record contains no information about how much revenue Kinetic HK derives from Samsung's Massachusetts sales of products in which Kinetic HK's part is incorporated. Furthermore, unlike the defendant in Heins, Kinetic HK's relationship with the component part ends when it is sold to Samsung in South Korea. This case is more like Merced v. JLG Indus., Inc., where this Court reasoned as follows:

> Hydraulic Fittings has, however, presented several compelling arguments why its sales to JLG does not satisfy the substantial revenue prong of § 3(d). Hydraulic Fittings' direct involvement with the elbows concludes in Pennsylvania when it sells the elbows to JLG there. JLG commercial dealings with Hydraulic Fittings does not alone create an agency relationship in that they are separate entities with distinct corporate and management structures. . . . Hydraulic Fittings neither made direct sales in Massachusetts nor attempted to cultivate sales relationships in that state. It is not enough for JLG to argue that Hydraulic Fittings' benefitted from sales JLG made in Massachusetts of JLG products containing a part it purchased from Hydraulic Fittings. At most, products that Hydraulic Fittings sold to JLG circuitously entered into the stream of commerce in this Commonwealth. . . . Massachusetts courts have construed the substantial revenue prong liberally but there are still limits on Massachusetts long-arm jurisdiction. Although Hydraulic Fittings has a degree of indirect dealings with the forum, § 3 does not extend to these attenuated contacts.

193 F. Supp. 2d 290, 293-94 (D. Mass. 2001).

In a footnote, Skyworks also asserts that personal jurisdiction is proper pursuant to § 3(a) because of the maintenance of a Kinetic website which is accessible in Massachusetts. The Court already rejected that argument in dismissing the claims against Kinetic U.S. for want of personal jurisdiction, and adheres to that conclusion.

For these reasons, the exercise of personal jurisdiction over Kinetic HK is not authorized under the Massachusetts long arm statute.

**IV.     Due Process**

Similarly, Skyworks has failed to demonstrate that the exercise of personal jurisdiction over Kinetic HK would comport with due process. The Federal Circuit utilizes a three-part test to

determine whether specific jurisdiction over an out-of-state defendant would comport with due process. "Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1998).

Skyworks seeks help from the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). Skyworks argues that Kinetic HK intentionally infringed on a known patent held by a Massachusetts corporation and therefore targeted its action at Massachusetts, akin to the way the publication in California of a libelous story about a California actress was held in Calder sufficient to support personal jurisdiction in California over the out-of-state author of the story. But Skyworks' allegation of targeting is unsupported. As noted already, the record indicates that "Kinetic HK and its subsidiaries do not control or direct where Samsung sells its products." (Liu Aff., Ex. 1 ¶ 26.) Moreover, Skyworks' purported extension of Calder to this patent infringement case is not supported by apposite case law. Although the Federal Circuit has relied on Calder in assessing minimum contacts in some circumstances, it has not decided a question of personal jurisdiction over a patent infringement or non-infringement claim on that basis. See Silent Drive, Inc. v. Strong Industries, 326 F.3d 1194, 1203-06 (Fed. Cir. 2003).[1] Further, the Supreme Court recently emphasized the importance of Calder's particular facts to its outcome:

> The crux of Calder was that the reputation-based "effects" of the alleged libel connected the defendants to California, not just to the plaintiff. The strength of that connection was largely a function of the nature of the libel tort. . . . Calder made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a

---

[1] The Federal Circuit's citations to Calder have been for more general propositions. They appear in declaratory judgment actions for patent non-infringement, invalidity, and/or unenforceability, where the focus is on the defendant patentee's activities in enforcing patents rather than on any manufacture, use, or sale of infringing goods. The inquiries, and any "effects" of the relevant activities, are therefore substantially dissimilar to those here. See, e.g., Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1332 (Fed. Cir. 2008).

> plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

Walden v. Fiore, 134 S. Ct. 1115, 1123-25 (2014) (internal citations omitted); see also Silent Drive, Inc., 326 F.2d at 1204 (Like Calder, "the underlying conduct is sufficiently connected to the forum" and defendants' activities "were all expressly aimed at" the forum.). This case does not involve the type of effects, and the associated forum contacts, upon which Calder's rationale relies.

To the extent that Skyworks is proposing that personal jurisdiction must exist in the home jurisdiction of any patent holder who alleges intentional infringement, the Supreme Court has long rejected such reasoning. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 296 (1980) (Otherwise, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process. . . . [W]e are unwilling to endorse a[ ] principle that amenability to suit would travel with the chattel.").

Skyworks has failed to establish a prima facie showing under the Federal Circuit's test because there is nothing in the record to indicate that Kinetic HK itself has undertaken any action purposefully to establish business contacts with Massachusetts. As this Court has already found, "[a]bsent is any intent on the part of Kinetic (either one) to bring the product to market in Massachusetts or anywhere else in the U.S." (Order Granting Mot. to Dismiss as to Kinetic Technologies, Inc. at 6 (dkt. no. 45).) Any Massachusetts contacts that result from Samsung's decision where to sell *its* product are, from Kinetic HK's standpoint, "random, fortuitous, or attenuated" and are therefore insufficient. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotations omitted); Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot

7

satisfy the requirement of contact with the forum State."). Without minimum contacts, maintenance of the suit in this forum would offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945).

Skyworks makes a last attempt at personal jurisdiction by invoking the federal long arm statute. The requirement under Federal Rule of Civil Procedure 4(k)(2)(B) that such an exercise of jurisdiction be consistent with the Constitution forecloses the need for further inquiry.

## V. Conclusion

For the reasons stated herein, Kinetic HK's Motion to Dismiss (dkt. no. 51) is GRANTED.

Skyworks' Motion for Leave to File Sur-Reply (dkt. no. 76) is DENIED because the arguments proposed were available to be made in Skyworks' original opposition to the motion to dismiss. New legal theories or new evidence are improper at this stage. In light of the granting of the motion to dismiss, Skyworks' Motion for Leave to File First Amended Complaint (dkt. no. 73) is also DENIED.

The action is DISMISSED.

It is SO ORDERED.

                                                    /s/ George A. O'Toole, Jr.
                                                    United States District Judge